UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DYLAN JAMES DOWNEY,

    Plaintiff,

v.

STUART ANDREWS M.D., et al.,

    Defendants.

Case No. C17-968-JCC-JPD

ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL

This is a 42 U.S.C. § 1983 prisoner civil rights action. The Court granted plaintiff's motion to proceed *in forma pauperis* and directed that his complaint be served on defendants. Currently before the Court is plaintiff's motion for appointment of counsel. Dkt. 1-5.

Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). In certain "exceptional circumstances," the Court may request the voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

| | |
|---|---|
| 1 | Based on the allegations in plaintiff's complaint, this case does not appear to involve complex facts or law.  Plaintiff appears able to articulate his claims *pro se* in light of the complexity of the legal issues involved, as evidenced by the fact that the Court deemed his complaint serviceable.  In addition, at this early stage in the proceedings, plaintiff has not shown that he is likely to prevail on the merits of his claim.  Accordingly, the Court cannot make a finding that exceptional circumstances exist.  Plaintiff's motion to appoint counsel is DENIED without prejudice to refiling after the case is more developed. |

Based on the allegations in plaintiff's complaint, this case does not appear to involve complex facts or law.  Plaintiff appears able to articulate his claims *pro se* in light of the complexity of the legal issues involved, as evidenced by the fact that the Court deemed his complaint serviceable.  In addition, at this early stage in the proceedings, plaintiff has not shown that he is likely to prevail on the merits of his claim.  Accordingly, the Court cannot make a finding that exceptional circumstances exist.  Plaintiff's motion to appoint counsel is DENIED without prejudice to refiling after the case is more developed.

The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 11th day of July, 2017.

*/s/ James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER DENYING WITHOUT
PREJUDICE MOTION TO APPOINT
COUNSEL - 2