UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DYLAN JAMES DOWNEY,<br><br>                Plaintiff,<br><br>    v.<br><br>STUART ANDREWS M.D., et al.,<br><br>                Defendants. | Case No. C17-968-JCC-JPD<br><br>ORDER DIRECTING CLERK TO IDENTIFY PRO BONO COUNSEL |

Dylan James Downey, a pre-trial detainee at the Snohomish County Jail, is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action alleging medical care claims against several healthcare providers and staff at the jail. Specifically, plaintiff alleges that he needs a new socket for his prosthetic leg, defendants have declined to provide him with a new socket because of the cost, and using his ill-fitting prosthesis is causing him ongoing pain.

Currently before the Court is plaintiff's motion for reconsideration of the Court's July 11, 2017 Order denying without prejudice his motion to appoint counsel, Dkt. 20, and plaintiff's motion for leave to file a second amended complaint, Dkt. 30. Defendants oppose both motions. Having considered the parties' submissions, the balance of the record, and the governing law, the Court finds and ORDERS:

ORDER DIRECTING CLERK TO
IDENTIFY PRO BONO COUNSEL - 1

(1) Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). In certain "exceptional circumstances," however, the Court may request the voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither factor is dispositive, and they must be viewed together before reaching a decision on a request for counsel. *Id.*

Based on the record before the Court, which includes some of plaintiff's medical records, there appears to be no dispute that plaintiff needs a new socket for his prosthetic leg, which would cost at least $10,000.00. *See, e.g.*, Dkt. 34-1 at 12, 16. Dr. Stuart Andrews, a defendant in this action, determined that plaintiff could wait to get a new socket until after his trial when he is either released or transferred to prison. *Id.* at 16-17. Dr. Andrews noted that plaintiff can ambulate and "embellished the downside of not receiving a timely remedy." *Id.* at 16. Plaintiff, on the other hand, asserts that he has been in pain daily. *See, e.g.*, Dkt. 40 at 2-3; Dkt. 38 at 7, 9, 10. He has been at the Snohomish County Jail since December 2016. Dkt. 34-1 at 11.

Although there are disputed issues of fact, if the evidence currently in the record is viewed in plaintiff's favor, there are at least serious questions regarding the constitutionality of defendants' actions. In addition, although plaintiff has sufficiently articulated his claims thus far in the litigation, the Court concludes that the complexity of the legal issues will make it difficult for him to continue to pursue the case *pro se*. Accordingly, the Court finds that exceptional circumstances warrant the appointment of counsel in this matter. Plaintiff is advised, however,

that there is no guaranteed pro bono counsel will be identified. Therefore, the motion for reconsideration of the denial of appointment of counsel, Dkt. 20, is GRANTED contingent upon the identification of counsel willing to represent plaintiff in this matter.

(2) The Clerk is DIRECTED to identify counsel from the Pro Bono Panel to represent plaintiff. Upon the identification of pro bono counsel, the Court will issue an order appointing counsel and setting pretrial deadlines.

(3) Plaintiff's motion for leave to file an amended complaint, Dkt. 30, is DENIED without prejudice to filing a new motion to amend after counsel has been appointed.

(4) The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 25th day of October, 2017.

*/s/ James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge