UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DYLAN JAMES DOWNEY,

          Plaintiff,

   v.

STUART ANDREWS M.D., et al.,

          Defendants.

Case No. C17-968-JCC-JPD

REPORT AND RECOMMENDATION

I.    INTRODUCTION

Plaintiff is a former Snohomish County prisoner who is proceeding through court-appointed pro bono counsel in this 42 U.S.C. § 1983 civil rights action. Plaintiff's claims relate to the allegedly deficient medical care he received at the Snohomish County Jail. *See* Dkt. 54 (2d Am. Compl.). Among other defendants, plaintiff names Tony Aston, the Bureau Chief of the Snohomish County Sheriff's Office, and Major Jamie Kane, the Corrections Deputy of the Snohomish County Jail. *Id.* at 54.

Chief Aston and Major Kane (collectively, "defendants") have moved to dismiss, arguing that plaintiff fails to state a claim against them. Dkt. 55. Plaintiff opposes dismissal. Dkt. 60. Defendants filed a reply and moved to strike portions of plaintiff's argument. Dkt. 61. Having

REPORT AND RECOMMENDATION - 1

considered the parties' submissions, the balance of the record, and the governing law, the Court recommends that defendants' motion to dismiss be GRANTED in part and DENIED in part, and their motion to strike be DENIED as moot.

## II.    BACKGROUND

Plaintiff alleges the following in his second amended complaint. On December 28, 2016, plaintiff arrived at the Snohomish County Jail pending charges of vehicular assault. Dkt. 54 at ¶ 12. During his initial screen, plaintiff reported medical problems with his prosthetic leg, which no longer fit his amputated limb, and asked to see a prosthetist. *Id.* at ¶ 13. Plaintiff repeated this request at subsequent appointments with jail staff and through formal grievances and kites. *Id.* at ¶¶ 14-15, 18, 23-25, 31. Plaintiff was not allowed to see a prosthetist to address his problems. *See id.* at ¶¶ 14-21, 38.

Plaintiff then contacted defendants:

> I wrote thoroughly detailed pleas for assistance/help to the Chief on this issue twice. He did 'not concur' with [plaintiff's] claims of discrimination or deliberate indifference. Plaintiff also likewise reached out to Major Kane to no avail. Major Kane likewise has not responded to any grievance matter assigned to him. Either person has authority to intervene.

*Id.* at ¶ 42; *see also id.* at ¶ 45 (alleging plaintiff sent kites to defendants regarding his medical issues related to his prosthetic leg).

Plaintiff alleges that defendants violated his Eighth and Fourteenth Amendment rights through their deliberate indifference to adequate or appropriate medical care. *Id.* at ¶ 62. He alleges, "By witnessing [medical staff defendants'] illegal action(s), failing to correct that misconduct, and encouraging the continuation of that misconduct [defendants violated his Eighth and Fourteenth Amendment rights]." *Id.* at ¶ 64. Plaintiff also alleges:

> [Defendants] share responsibility as superiors or supervisors having been fully informed of the facts of the complaint including deliberate indifference,

REPORT AND RECOMMENDATION - 2

> discrimination, maintaining unconstitutional policies, practices, customs, or procedures and turning a blind eye to the situation and conditions, including the failure to train personnel or have adequately trained personnel that would undoubtedly lead to these particular violations.

*Id.* at ¶ 75; *see also id.* at ¶ 78 (making similar allegations against only Major Kane). According to plaintiff, these actions amount to deliberate indifference, equal protection and due process violations, "violations of local and state laws," and violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"), and the ADA Amendments Act of 2008. *Id.* at ¶ 75; *see also id.* at ¶ 78. Plaintiff also alleges defendants created unconstitutional conditions of confinement and committed other violations of "various local and state laws" and the ADA. *Id.* at ¶¶ 72, 74, 75, 78. Finally, plaintiff alleges "state law claims at court discretion though should include, but not be limited to: medical malpractice, collusion in the perpetration of fraud, fraud, negligence, violations of the WA State Disability Act, and any applicable violations of the Revised Code of Washington." *Id.* at ¶ 80.

### III.   DISCUSSION

A.   Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The Court accepts all well-pleaded allegations of material fact as true and draws all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also*

REPORT AND RECOMMENDATION - 3

*Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).[1]  A claim is facially plausible if the plaintiff has alleged "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  The factual allegations must be "enough to raise a right to relief above the speculative level." *Id.*

The Court will grant a motion to dismiss where the complaint lacks a cognizable legal theory or alleges insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).  However, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

B.    Section 1983 Standard

To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d

---

[1] Plaintiff contends that "on a motion to dismiss, the court must 'read the complaint charitably . . . and . . . assume that all general allegations embrace whatever specific facts might be necessary to support them." Dkt. 60 at 5 (quoting *Blue Nile Inc. v. Ice.com, Inc.*, 478 F. Supp. 2d 1240, 1244 (W.D. Wash. 2007) (quoting *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994))).  To the extent this suggests a lesser standard of pleading than "a plausible entitlement to relief," it is no longer a correct statement of the law in light of *Iqbal* and *Twombly*.

1350, 1355 (9th Cir. 1981). A plaintiff may not hold supervisory personnel liable under § 1983 for constitutional deprivations under a theory of *respondeat superior* liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

C.    Defendants' Motion to Dismiss Should be Granted in part and Denied in part

Defendants move to dismiss all of plaintiff's claims against them. *See* Dkt. 55. In response, plaintiff only defends his medical care claim. *See* Dkt. 60. Accordingly, the Court concludes that plaintiff does not oppose dismissal of his claims against defendants based on equal protection, conditions of confinement, the grievance process, the ADA and ADA Amendment Act, and state law. These claims should be dismissed with prejudice and without leave to amend.

Plaintiff's response brief clarifies that his remaining claims against defendants are based on their own culpable inactions showing deliberate indifference to his basic medical needs. Dkt. 60 at 3. "[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). To be held liable, the supervisor need not be "directly and personally involved in the same way as are the individual officers who are on the scene inflicting constitutional injury." *Id.* at 1205-06. Rather, the supervisor's involvement "could include his own culpable action or inaction in the training, supervision, or control of his subordinates, his acquiescence in the constitutional deprivations of which the complaint is made, or conduct that showed a reckless or callous indifference to the rights of others." *Id.* To adequately plead a § 1983 supervisor liability claim, a complaint must contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing

REPORT AND RECOMMENDATION - 5

party to defend itself effectively," and "must plausibly suggest an entitlement to relief." *Id.* at 1216.

In plaintiff's amended complaint, he alleges that he sent defendants "detailed pleas for assistance/help" with the deliberate indifference of the medical staff at the jail in regards to his problems with his prosthetic. Dkt. 54 at ¶¶ 42, 45. Plaintiff alleges that Chief Aston responded by stating that he did not agree with plaintiff's claims of deliberate indifference, and Major Kane never responded. *Id.* at ¶ 42. Plaintiff also alleges that he fully informed defendants of the facts that he alleged in his complaint and that they did nothing, even though they had the authority to remedy the situation. *Id.* at ¶¶ 42, 75; *see also id.* at ¶ 78.

Defendants contend that these allegations are insufficient because they are "conclusory, self-serving, and without factual embellishment." Dkt. 61 at 4. While the factual allegations are somewhat basic, the Court concludes that they are sufficient to survive defendants' challenge under Rule 12(b)(6). Plaintiff alleges that he informed defendants in writing of the underlying constitutional deprivations regarding his medical care and defendants did nothing. In other words, plaintiff alleges that defendants "acquiesce[ed] in the constitutional deprivations of which the complaint is made." *Starr*, 652 F.3d at 1205-06. Plaintiff gives defendants fair notice of his claims against them and his allegations plausibly suggest his entitlement to relief. Accordingly, defendants' motion to dismiss should be denied as to his medical care claim.

D.  Defendants' Motion to Strike Should be Denied as Moot

Defendants move to strike arguments plaintiff made in his response brief regarding his original complaint, arguing that the original complaint was superseded by the current complaint and is therefore outside the scope of a Rule 12(b)(6) motion. Dkt. 61 at 7-8. Because the Court

did not rely on any of plaintiff's potentially improper arguments, the motion to strike should be denied as moot.

## IV. CONCLUSION

The Court recommends that defendants' motion to dismiss, Dkt. 55, be GRANTED in part and DENIED in part. Specifically, plaintiff should be permitted to proceed on his medical care claims against defendants, but all remaining claims against defendants should be dismissed with prejudice and without leave to amend. The Court also recommends that defendants' motion to strike, Dkt. 61, be DENIED as moot. Finally, the Court recommends that this matter be re-referred to the undersigned for further proceedings. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **May 18, 2018**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 25, 2018.**

\\

\\

\\

\\

1  This Report and Recommendation is not an appealable order.  Thus, a notice of appeal
2  seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
3  assigned District Judge acts on this Report and Recommendation.
4  Dated this 27th day of April, 2018.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8