THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DYLAN DOWNEY, <br><br> Plaintiff, <br><br> v. <br><br> STUART ANDREWS M.D., *et al.*, <br><br> Defendants. | CASE NO. C17-0968-JCC <br><br> ORDER |

This matter comes before the Court on Defendants Chief Tony Aston ("Chief Aston") and Major Jamie Kane's ("Major Kane") objection (Dkt. No. 64) and United States Magistrate Judge James P. Donohue's report and recommendation (Dkt. No. 63) regarding Defendants' motion to dismiss (Dkt. No. 55). Having thoroughly considered the briefing and relevant record, the Court hereby ADOPTS the report and recommendation (Dkt. No. 63) and OVERRULES Defendants' objection (Dkt. No. 64).

**I.   BACKGROUND**[1]

On December 28, 2016, Plaintiff Dylan Downey was booked into Snohomish County Jail on a charge of vehicular assault. (Dkt. No. 54 at 3.) During his initial medical screening, Plaintiff

---

[1] This section summarizes the facts as set forth in Plaintiff's complaint, which are assumed to be true, as is appropriate on a motion to dismiss. *See Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

informed jail medical staff of issues with his prosthetic leg, which no longer fit properly. (*Id.*) Plaintiff asked to see a prosthologist before his condition deteriorated to the point where he could no longer use the leg. (*Id.*) At subsequent appointments with jail medical personnel, Plaintiff repeatedly requested to see a prosthologist. (*Id.* at 3–4, 6.) Plaintiff eventually filed formal grievances and kites regarding the lack of treatment for his leg and unfilled requests to see a prosthologist. (*Id.* at 6.)

Plaintiff was not allowed to see a prosthologist until April 13, 2017. (*Id.* at 7.) During this appointment, Plaintiff was informed that he needed a new socket and other adjustments to correct the fit. (*Id.*) Jail officials instructed the prosthologist not to do so. (*Id.*) Following the appointment, Plaintiff continued to inform the jail medical personnel of the pain caused by the ill-fitting prosthetic. (*Id.* at 7–9.) Plaintiff wrote two times to Chief Aston, Bureau Chief of Snohomish County Sherriff's Office – Corrections Bureau, for assistance. (*Id.* at 10.) The Chief did not act upon Plaintiff's requests. (*Id.*) Instead, he merely claimed not to "concur" with Plaintiff's claims of deliberate indifference. (*Id.*) Plaintiff also wrote to Major Kane, Corrections Deputy at Snohomish County Jail. (*Id.*) Major Kane never responded to Plaintiff's requests or any of the grievances assigned to him. (*Id.*)

Plaintiff brings this 42 U.S.C. section 1983 civil rights action against Chief Aston and Major Kane (collectively "Defendants"), Snohomish County, and other jail medical staff and administrators. (Dkt. No. 54.) Plaintiff alleges that Defendants violated his Eighth and Fourteenth Amendment rights through their deliberate indifference to his need for adequate medical care. (*Id*. at 14.) Plaintiff further alleges that Defendants are liable as superiors for the actions of the Jail medical staff's Equal Protection and Due Process violations, along with violations of the American with Disabilities Act of 1990, 42 U.S.C. Section 1201, *et seq.* ("ADA"), the ADA Amendments Act of 2008, and state and local laws. (*Id.* at 16–18.) Plaintiff also alleges Defendants created unconstitutional conditions of confinement and committed violations of state laws including "medical malpractice, collusion in the perpetration of fraud,

fraud, negligence, violations of the WA State Disability Act, and any applicable violations of the Revised Code of Washington." (*Id.* at 17–18.) Defendants move to dismiss all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 55.) Judge Donohue recommends that all claims against Chief Aston and Major Kane be dismissed except for Plaintiff's claim of deliberate indifference. (Dkt. No. 64.) Defendants object to Judge Donohue's recommendation not to dismiss Plaintiff's deliberate indifference claim. (*Id.*)

## II. DISCUSSION

### A. Legal Standard

Objections to a magistrate judge's report and recommendations are reviewed *de novo*. 28 U.S.C. § 636(b)(1). A defendant may move to dismiss a complaint when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Id.* at 677–78. A claim is facially plausible when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678.

### B. Deliberate Indifference

Defendants argue that Plaintiff failed to plead sufficient facts to support his deliberate indifference claim. (Dkt. No. 64 at 2, 6.) Defendants also argue that Plaintiff's claim of deliberate indifference under 42 U.S.C. section 1983 should be dismissed for failing to state a legally cognizable claim because the statute does not allow for a *respondeat superior* theory of liability. (*Id.* at 6.)

A prisoner can establish an Eighth Amendment violation arising from inadequate medical care by showing "deliberate indifference to serious medical needs" by prison officials through acts or omissions. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Supervisors may be held liable on

a deliberate indifference claim "for [their] own culpable action or inaction," based upon "the supervisors' knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). To be liable, the supervisor's involvement "could include his own culpable action or inaction in the training, supervision, or control of his subordinates, his acquiescence in the constitutional deprivations of which the complaint is made, or conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1205-06 (internal quotations omitted).

In *Starr*, a prisoner adequately pled a claim of supervisor liability for deliberate indifference based on the complaint's numerous allegations of notice to a Sherriff of his subordinates' culpable actions in the injuries and deaths of inmates and the Sherriff's inaction. *Id.* at 1216. Defendants argue that this case is distinguishable and that Plaintiff's claim is more like the "bald and conclusory allegations" that the Ninth Circuit has found to be insufficient to support a deliberate indifference claim. (Dkt. No. 64 at 2–3) (citing *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012)). In *Hydrick,* the Ninth Circuit affirmed the dismissal of a supervisor theory liability when the plaintiff alleged the defendants had "personal knowledge of retaliation" against him but pled no facts regarding Defendant's purported knowledge of the retaliation. *Id.* at 942.

Unlike in *Hydrick*, here Plaintiff has pled facts demonstrating Defendants' knowledge and inaction regarding the alleged deliberate indifference of the jail personnel. Plaintiff alleges that he wrote Defendants on multiple occasions regarding his need for medical treatment and that the jail medical staff did not help him. (Dkt. No. 54 at 10.) Nevertheless, neither Defendant acted upon Plaintiff's requests. (*Id.*) Plaintiff alleges that he wrote Chief Aston twice, and that the Chief took no action to respond to Plaintiff's requests other than to say that he did not "concur" with Plaintiff's allegations. (*Id.*) Plaintiff also alleges to have written Major Kane, and that the Major did not respond or take any action. (*Id.*) This is sufficient for the Court to draw a reasonable inference that Defendants knew and "acquiesce[ed] in unconstitutional conduct by

[their] subordinates." *Starr*, 652 F.3d at 1207.

Accepting as true all factual allegations in Plaintiff's complaint, the Court finds that Plaintiffs have plausibly alleged facts regarding Defendants' deliberate indifference claim against Chief Aston and Major Kane. Accordingly, Defendants' objection to Judge Donohue's report and recommendation is OVERRULED.

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

(1)    The Court ADOPTS the Report and Recommendation.

(2)    Defendants' motion to dismiss (Dkt. No. 55) is GRANTED in part and DENIED in part. Plaintiff may proceed on his medical care claims against Defendants. All remaining claims against Defendants are DISMISSED with prejudice and without leave to amend.

(3)    Defendants' motion to strike (Dkt. No. 61) is DENIED as moot.

(4)    This matter is RE-REFERRED to Judge Donohue for further proceedings.

(5)    The Clerk is DIRECTED to send copies of this Order to the parties and to Judge Donohue.

DATED this 9th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE